IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TINA PIERCE,**　　　　　　　　　　　　　　3:17-cv-00903-BR

　　　　**Plaintiff,**　　　　　　　　　　　　**OPINION AND ORDER**

**v.**

**COMMISSIONER OF SOCIAL
SECURITY,**

　　　　**Defendant.**

**MARTIN R. COHEN**
P.O. Box 1229
Lake Oswego, OR 97035
(503) 635-5805

　　　　Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**ERIN F. HIGHLAND**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2495

　　　　Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Senior Judge.**

Plaintiff Tina Pierce seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her applications for DIB and SSI benefits on July 11, 2013. Tr. 11.[1] Plaintiff alleges a disability onset date of October 22, 2011. Tr. 11. Plaintiff's applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 17, 2015. Tr. 11, 37-64. Plaintiff, a vocational expert (VE), and a medical expert testified. Plaintiff was represented by an attorney at the hearing.

---

[1] Citations to the official transcript of record filed by the Commissioner on November 2, 2017, are referred to as "Tr."

2 - OPINION AND ORDER

On December 16, 2015, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 11-22. Plaintiff requested review by the Appeals Council. On April 13, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-4. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On June 8, 2017, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on September 18, 1966. Tr. 20. Plaintiff was forty-five years old on the alleged disability onset date. Tr. 20. Plaintiff has limited education. Tr. 20. The ALJ found Plaintiff has past relevant work experience as a caregiver and shipping-receiving clerk. Tr. 20.

Plaintiff alleges disability due to arthritis, "trapped nerves" in her shoulders, bulging disk in her neck, bone spurs, degenerative disc disease, chronic pain, panic attacks, and depression. Tr. 87, 129.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 14-19

3 - OPINION AND ORDER

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509,

404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since October 22, 2011, Plaintiff's alleged disability onset date. Tr. 14.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease of the cervical spine, obesity, and torn meniscus in both knees. Tr. 14.

At Step Three the ALJ concluded Plaintiff's medically

determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 18. The ALJ found Plaintiff has the RFC to perform sedentary work with the following limitations: lifting and/or carrying up to ten pounds occasionally and less than ten pounds frequently, standing and/or walking up to two hours in an eight-hour workday, and sitting up to six hours in an eight-hour workday. The ALJ found Plaintiff is able occasionally to climb, to stoop, to crawl, and to reach overhead. The ALJ also found Plaintiff must avoid exposure to vibrations. Tr. 17.

At Step Four the ALJ concluded Plaintiff is unable to perform her past relevant work. Tr. 20.

At Step Five the ALJ found Plaintiff could perform other jobs that exist in the national economy. Tr. 20-21. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 22.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to include Plaintiff's migraines as a severe impairment at Step Two, (2) discounted Plaintiff's subjective symptom testimony, (3) improperly rejected the lay-witness testimony of Plaintiff's sister, and (4) failed to include all of Plaintiff's impairments in the hypothetical to the VE.

8 - OPINION AND ORDER

**II. The ALJ did not err at Step Two in his analysis of Plaintiff's severe impairments**.

Plaintiff contends the ALJ erred at Step Two when he failed to include Plaintiff's migraine headaches as a severe impairment and failed to include the resulting limitations of Plaintiff's migraines in his assessment of Plaintiff's RFC and hypothetical to the VE.

The Commissioner, in turn, contends the ALJ concluded Plaintiff had a combination of severe impairments and thereby resolved Step Two in Plaintiff's favor. Thus, any failure to find and to include any impairment related to Plaintiff's migraines did not prejudice Plaintiff.

**A. Standards**

The inquiry for Step Two is a *de minimis* screening device to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)(Step Two inquiry intended to identify claimants whose medical impairments are so slight that it is unlikely they would be found disabled). *See also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)(Step Two impairment "may be found not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work."). Emphasis in original.

The claimant bears the burden to provide medical evidence to establish at Step Two that she has a severe

impairment. 20 C.F.R. § 404.1512. An impairment or combination of impairments is "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work ." *Webb*, 433 F.3d at 686. At Step Two the ALJ must consider the combined effect of all the claimant's impairments on her ability to function without regard to whether each alone is sufficiently severe. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir.2003). *See also Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir.1996); 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 416.923.

If the ALJ determines a claimant is severely impaired at Step Two, the ALJ continues with the sequential analysis and considers all of the claimant's limitations. SSR 96-9p, available at 1996 WL 374184 (July 2, 1996). Step Two is "merely a threshold determination of whether the claimant is able to perform his past work." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). If an ALJ fails to consider limitations imposed by an impairment at Step Two but considers them at a later step in the sequential analysis, any error at Step Two is harmless. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). *See also Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

B.  Analysis

Plaintiff testified her migraines are related to a neck injury she sustained in a car accident in 2009. Tr. 45.

Plaintiff testified her migraines have worsened since her prior hearing in 2011 and attributed the migraines to her neck injury. Tr. 48-51.

The medical evidence reflects Plaintiff has sought treatment for her migraines in the emergency room on many occasions. The record also reflects Plaintiff's migraines were associated with the pain from her neck injury on many of these occasions. For example, at Plaintiff's emergency room visit on January 14, 2011, the record reflects Plaintiff had a history of chronic headaches and chronic neck pain following the motor-vehicle accident in 2009. Tr. 533. On July 18, 2011, treatment records indicate Plaintiff experienced "transformed migraine from chronic neck pain." Tr. 440. On January 25, 2013, treatment records reflect Plaintiff's history of chronic neck pain and migraine headaches. Tr. 490-91. On February 15, 2013, the records indicate Plaintiff's "migraine variant headache" was "associated with neck pain." Tr. 497-98.

On March 1, 2013, Plaintiff was also examined by Michael P. Sluss, M.D., a neurologist. Tr. 409. Dr. Sluss found Plaintiff's chronic migraines were related to her neck injury. Tr. 410.

The ALJ concluded Plaintiff's migraines were not a severe impairment by themselves, but stemmed from her neck injury and pain. Tr. 14, 18. The ALJ, however, found Plaintiff has a

severe impairment of degenerative disc disease of the cervical spine, which he accounted for in his assessment of Plaintiff's RFC. Tr. 14, 17. In *Burch v. Barnhart* the court held any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in the claimant's favor. 400 F.3d 676, 682 (9th Cir. 2005).

On this record the Court concludes the ALJ did not err at Step Two because he found Plaintiff has severe impairments, and, therefore, any failure to find other severe impairments at Step Two was not prejudicial.

**II. The ALJ did not err when he found Plaintiff's testimony was not fully credible**.

Plaintiff contends the ALJ erred when he failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.

**A. Standards**

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). The claimant is not required to show "that her impairment could reasonably be

12 - OPINION AND ORDER

expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id*.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

B. Analysis

The ALJ discounted Plaintiff's testimony on the ground that the medical evidence does not support the severity of

13 - OPINION AND ORDER

Plaintiff's presentation of her symptoms.  Tr. 18.  The ALJ also concluded Plaintiff's activities of daily living are inconsistent with her alleged symptoms and limitations.  Tr. 19.

Plaintiff asserted she is unable to do any activities when she is experiencing migraines, and the migraines affects her ability to lift, to reach, to walk, or to use her hands. Tr. 332-33.  At the hearing Plaintiff testified she is unable to lift more than ten pounds and cannot walk more than two or three blocks.  Tr. 54.  Plaintiff also testified she experiences pain and numbness in her arms.  Tr. 56.

The ALJ noted imaging of Plaintiff's cervical spine was consistently normal.  In March 2013 Plaintiff had normal muscle strength and tone, sensation, and coordination and intact deep tendon reflexes.  Tr. 18, 410.  In May 2013 Plaintiff denied having any migraines.  Tr. 655.  Following a cervical medial branch block in January 2014, Plaintiff "reported more than 80% relief of pre-procedural neck pain."  Tr. 429.

The ALJ noted Plaintiff testified she was a care-giver for her father for approximately two years even though this consisted primarily of helping him to bathe.  Tr. 44.  The ALJ found Plaintiff is independent in her self-care; able to do household chores and to go shopping; and she and her husband, who is disabled, share household chores.  Tr. 19, 47, 51, 301.  The ALJ concluded these daily activities, together with the findings

in Plaintiff's medical records, indicate her ability to perform work at the sedentary level. Tr. 19.

On this record the Court concludes the ALJ did not err when he discounted Plaintiff's testimony and found it was not fully credible because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

## III. The ALJ gave germane reasons for discounting lay-witness testimony.

Plaintiff contends the ALJ erred when he failed to provide reasons that are germane to the lay-witness statements of Mary McConnaughey, Plaintiff's sister, regarding Plaintiff's limitations.

The Commissioner, in turn, contends the ALJ properly discounted the lay-witness statement of McConnaughey for the same reasons that the ALJ found Plaintiff's testimony was not fully credible.

### A. Standards

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

15 - OPINION AND ORDER

Nevertheless, an ALJ is not required to address each lay-witness statement or testimony on an "individualized, witness-by-witness-basis. If the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue,* 674 F.3d 1104, 1114 (9th Cir. 2012)(quotation omitted).

Germane reasons for discrediting a witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

**B. Analysis**

In October 2013 McConnaughey stated in her Third-Party Function Report that Plaintiff experiences constant neck pain radiating to her fingertips. Tr. 306. She also indicated Plaintiff does not cook and cannot lift objects because of her neck injury. Tr. 306-07. The ALJ noted McConnaughey, nevertheless, indicated Plaintiff is independent as to her self-care, can prepare meals, does household chores, uses public transportation, and goes shopping and to doctor appointments. Tr. 307-08. The ALJ found McConnaughey's testimony regarding Plaintiff's activities was not consistent with Plaintiff's alleged limitations. Accordingly, the ALJ gave "little weight"

to McConnaughey's statements regarding Plaintiff's activities and limitations. Tr. 19.

On this record the Court concludes the ALJ gave "germane" reasons for discounting the lay-witness statements of Alexander.

**IV. The ALJ did not err at Step Five.**

Plaintiff contends the ALJ's hypothetical posed to the VE did not include all of Plaintiff's impairments and limitations, and, therefore, the ALJ's reliance on the VE's testimony does not support the ALJ's conclusions at Step Five.

**A. Standards**

As noted, at Step Five the ALJ must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). The ALJ may satisfy this burden through the testimony of a VE.

"An ALJ must propound a hypothetical question that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). "The hypothetical should be 'accurate, detailed, and supported by the medical record.'" *Id.* (quoting *Tackett*, 180 F.3d at 1101).

**B. Analysis**

In the hypothetical posed to the VE the ALJ is required to include only those limitations that are supported by

17 - OPINION AND ORDER

substantial evidence in the record. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). "Conversely, an ALJ is not free to disregard properly supported limitations." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). In either case, the VE's opinion does not have any "evidentiary value" if the assumptions presented in the hypothetical are not supported by substantial evidence in the record. *Lewis v. Apfel*, 236 F.3d 503, 518 (9th Cir. 2001).

At the hearing the ALJ posed a hypothetical to the VE consistent with the ALJ's assessment of Plaintiff's RFC. Plaintiff, however, contends the VE's testimony that Plaintiff could perform other work as a callout operator and a document preparer was based on an inaccurate hypothetical and, accordingly, was erroneous because the hypothetical did not include limitations caused by Plaintiff's migraines.

As noted, the ALJ concluded Plaintiff's migraines did not constitute a severe impairment and resulted from Plaintiff's neck pain from the motor-vehicle accident in 2009. Although the medical records contain Plaintiff's reports of her symptoms, there is not any evidence in the record that a treating physician identified any limitations as to Plaintiff's functional abilities based on her condition. In his hypothetical to the VE the ALJ included all of the "properly supported limitations" included in his evaluation of Plaintiff's RFC, and the ALJ, therefore,

properly relied on the VE's testimony as to the other work that Plaintiff could perform in the national economy. As noted, the VE testified Plaintiff could perform work as a callout operator and as a document preparer.

On this record the Court concludes the ALJ did not err in his assessment of Plaintiff's RFC nor at Step Five in his reliance on the VE's testimony that was based on the limitations set out in the ALJ's assessment of Plaintiff's RFC.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 27th day of April, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge